THE HUDSON MANUFACTURING COMPANY, complainant, and PETER Z. ELMENDORF, defendant.

1. A assigned to B a decree and all the rights, powers, and equities appertaining to the same, as fully as they were possessed by himself, with authority to collect the same in his name, &c. B agreed to pay, on the execution of the agreement, a specified portion, and the remainder in one year. For the purpose of securing the last payment, it was agreed that A should hold a lien upon the decree, as fully and as perfectly as though the same had not been assigned; and in the event of the non-payment of the said last-mentioned sum, A should have the power to proceed to collect the same upon the decree, giving B thirty days' notice; and if, upon the sale, the premises should produce more than the last-mentioned sum, such excess was to be paid over to B.

2. *Held*, that B had no authority, under the agreement, to collect the money as the attorney of A, and discharge the decree.

The question involved in the controversy turns upon the following agreement:

| In Chancery: Between Peter Z. Elmendorf, *Complainant,* and Albert Camman and John B. Camman, John J. Gaston, James Nevius, *Defendants.* | New Jersey: Somerset County. Geo. H. Brown, *Sol.* Decree perfected April 8th, 1841. |
|---|---|

Whereas a decree has been regularly entered in the above entitled suit, and set forth in the *fi. fa.* now in the hands of the late sheriff, Peter A. Voorhees, Esq., and whereas there is now due upon the said *fi. fa.* and decree the sum of six thousand two hundred and sixty-three dollars and sixty-eight cents; and whereas the sale of the premises, made pursuant to the said *fi. fa.* and decree, has been rendered null and void, leaving the decree in full force against the parties,

and in all respects as valid as though no such sale had been made.

Now, therefore, it is hereby agreed between the said Peter Z. Elmendorf, of the one part, and the said Luther Loomis, of the other part, that the said Elmendorf, in consideration of the sum above mentioned, to be paid by the said Loomis, as hereinafter mentioned, does hereby assign, set over, and transfer the said decree and all the rights, powers, and equities appertaining to the same, as fully as they are possessed by the said Elmendorf, to the said Loomis, to have and to hold the same, to his heirs and assigns forever, with authority to collect the same in the name of the said Elmendorf, or otherwise, as the said Loomis shall deem expedient.    And the said Luther Loomis agrees to pay, and does pay, upon the execution of this agreement, the sum of three thousand one hundred and forty-one dollars and twenty-eight cents ; and he further agrees to pay to the said Peter Z. Elmendorf, the sum of three thousand one hundred and twenty-two dollars and forty cents, in one year from the date hereof, and not before, with the lawful interest on the same.

And it is further agreed between the parties, that for the purpose of securing the payment of the last-mentioned sum of money, the said Peter Z. Elmendorf shall hold a lien upon the decree hereby assigned to the said Luther Loomis, as fully and as perfectly as though the same had not been hereby assigned ; and in the event of the non-payment of the said last-mentioned sum and the interest, the said Elmendorf shall have the power to proceed to collect the same upon the decree, by selling the premises according to law, and as though no assignment had been made.  But in the event of a sale, the said Elmendorf agrees to give the said Loomis at least thirty days' previous notice of such sale ; and if, upon the sale, the said premises shall produce more than the said last-mentioned sum of money and the interest, such excess or surplus he agrees to pay over to the said Loomis his heirs or assigns, provided the said surplus does not exceed the amount due upon the said decree, it being under-

stood that the whole amount is to be collected, if the property will produce the sum required.

And the said Elmendorf guarantees that there is now due upon the said decree the sum of six thousand two hundred and sixty-three dollars and sixty-eight cents.

LUTHER LOOMIS.            [L. S.]

PETER Z. ELMENDORF.    [L. S.]

April 20th, 1842.

On this agreement there are endorsed two payments for interest—February 8th, 1851, one hundred and eighty-seven dollars and thirty-four cents; April 29th, 1851, ninety-three dollars and sixty-seven cents, which was the interest up to the 20th of April, 1851.

In 1852, Elmendorf ordered the sheriff to sell under the execution.

This bill was filed to enjoin the sale. The bill alleges that the defendants in the execution paid the amount due on it to Loomis, and insists that, by the terms of the assignment, they were authorized in doing so; and they further allege that they have tendered to Elmendorf the amount due him, in gold and silver, which he refused to accept.

Elmendorf answered the bill. He insists that if the company paid to Loomis the amount due to Elmendorf, they paid it in their own wrong, and without authority. He denies having received payment from Loomis or any one else. He admits the tender, but says, when it was made, it was required of him to transfer the decree, which he could not do without either the payment of the whole or some authority for Loomis.

Sufficient of the case is stated above to understand the points decided by the court.

The motion was to dissolve the injunction, which had been granted prohibiting the sale.

*J. C. Elmendorf* and *G. H. Brown*, for motion.

*Jas. S. Nevius* and *A. O. Zabriskie*, contra.

THE CHANCELLOR. The disposition of this motion depends upon the construction of the agreement between Peter Z. Elmendorf and Luther Loomis. If Loomis had authority, as is contended, to collect the money as the attorney of Elmendorf and discharge the decree, then this injunction should be retained until the coming in of the answer of Loomis, and a further investigation of the merits. If it did not authorize Loomis to collect the amount that remained due to Elmendorf, then the injunction should be so modified as to allow Elmendorf to proceed under the decree and collect that amount.

There was due on the decree the sum of six thousand two hundred and sixty-three dollars and sixty-eight cents. For and in consideration of the sum of three thousand one hundred and forty-one dollars and twenty-eight cents, the payment of which was acknowledged, and the further sum of three thousand one hundred and twenty-two dollars and forty cents which Loomis agreed to pay in one year, with interest, Elmendorf "did assign, set over and transfer the said decree, and all the rights, powers and equities appertaining to the same, as fully as they are possessed by the said Elmendorf, to the said Loomis, to have and to hold the same to his heirs and assigns forever, *with authority to collect the same in the name of the said Elmendorf, or otherwise, as the said Loomis shall deem expedient.*"

If the assignment and agreement had stopped here, Loomis would have been authorized to enforce the payment of the whole amount due on the decree against the defendants. Of course it would have been authority for the defendants to settle with Loomis. But, by the further terms of the agreement, the authority conferred upon Loomis was limited. It was further agreed between the parties " that for the purpose of securing the payment " of the amount remaining unpaid to Elmendorf, which Loomis had agreed to pay in one year, Elmendorf should hold a lien upon the decree " as fully and as perfectly as though the same had not been assigned." If this was not a limit to Loomis' authority, and a prohibition against his collecting that amount, how did Elmendorf

hold a lien for it upon the decree "as fully and as perfectly as though" the assignment had not been made? Elmendorf had Loomis' promise and agreement to pay the amount; but this was a further agreement between them that Loomis' personal responsibility was not to be relied upon. And yet, if Loomis could discharge the lien, what security was the lien to Elmendorf? If a payment to Loomis was payment to Elmendorf, what did the agreement avail that he was to retain the lien?

The Hudson Manufacturing Company had no authority, by virtue of the assignment, to pay to Loomis the amount due to Elmendorf. They claim relief on the ground that they have made payment to Loomis. This they were not justified in doing.

The injunction must be modified. Elmendorf must be permitted to proceed on his decree. The sheriff must pay to him the sum of three thousand one hundred and twenty dollars and forty cents, with interest from the 20th of April, 1851, and bring the balance into court to abide its further order.